STATE v. MANLEY

[345 N.C. 484 (1997)]

———————

STATE OF NORTH CAROLINA v. LORENZO MANLEY

No. 139A96

(Filed 10 February 1997)

**1. Criminal Law § 914 (NCI4th Rev.)— first-degree murder— unanimity on theory—instructions—no plain error**

The trial court's instructions did not permit the jury to find defendant guilty of first-degree murder without unanimously finding that he was guilty based on either malice, premeditation, and deliberation or on felony murder and were not plain error where the court instructed the jurors that they could not reach a verdict until they were unanimous; in instructing on the verdict sheet, the court told the jury, "Whatever your unanimous verdict is . . . place an X on the line beside that verdict"; and the jury placed a check beside both murder based on malice, premeditation, and deliberation and based on the felony murder rule, which · shows the jury was unanimous on both theories.

**Am Jur 2d, Homicide §§ 541, 542; Trial §§ 1750-1753, 1788.**

**2. Homicide § 718 (NCI4th)— first-degree murder—verdict sheet—theory of conviction**

It is the better practice for the trial court in a first-degree murder case to submit a verdict sheet which requires the jury to specify the theory upon which it convicted defendant.

**Am Jur 2d, Homicide §§ 541, 542.**

STATE v. MANLEY

[345 N.C. 484 (1997)]

**3. Constitutional Law § 312 (NCI4th)— counsel's failure to object—not ineffective assistance of counsel**

Defendant did not have the ineffective assistance of counsel because his trial counsel failed to object to the charge or to the verdict sheet submitted to the jury where the appellate court has held that there was no error in the charge or in the submission of the verdict sheet.

**Am Jur 2d, Criminal Law §§ 748-753, 984-987.**

**Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.**

**Adequacy of defense counsel's representation of criminal client regarding right to and incidents of jury trial. 3 ALR4th 601.**

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Grant (Cy A.), J., at the 25 September 1995 Criminal Session of Superior Court, Pitt County, upon a jury verdict of guilty of first-degree murder. Heard in the Supreme Court 15 October 1996.

The defendant was tried for first-degree murder in a case in which the State did not seek the death penalty. The evidence tended to show that on 7 January 1994, State's witness Arem Muhammad was at a convenience store which was owned and operated by him and his family. His cousin Maher; brother Frank; son Ashraf; and uncle Marif Muhammad, the victim, were also present.

The defendant entered the store that evening and requested permission to use the bathroom. He was denied permission to do so, and an argument ensued. Maher pushed the defendant out the door. The defendant then drew a pistol and began to shoot into the store. After the defendant stopped firing, Arem noticed that Marif had been shot. Arem then went to the door and fired several shots at the defendant. Maher went outside and fired shots into the air.

The victim was shot six times. One of the bullets struck his heart, and he died as a result of this wound.

The defendant was hit in the lower leg by a shot fired by Arem. He went to a hospital, and someone there notified the police.

**STATE v. MANLEY**

[345 N.C. 484 (1997)]

The jury found the defendant guilty of first-degree murder on the basis of malice, premeditation, and deliberation and under the felony murder rule. On 28 September 1995, Judge Grant sentenced him to a mandatory term of life imprisonment. The defendant appealed to this Court.

*Michael F. Easley, Attorney General, by Dennis P. Myers, Assistant Attorney General, for the State.*

*Steven M. Fisher for defendant-appellant.*

WEBB, Justice.

[1] The defendant first assigns error to the jury instructions. He says the instructions on first-degree murder based on malice, premeditation, and deliberation and first-degree murder based on felony murder were such that the jury could find him guilty of first-degree murder without a unanimous verdict. No objection was made to the charge, and the defendant asks us to consider this assignment of error under the plain error rule. N.C. R. App. P. 10(c)(4).

The court instructed the jury on unanimity as follows:

Now, members of the jury, I will tell you that a verdict is not a verdict until all 12 of you agree unanimously as to what your decision shall be. You may not render a verdict by majority vote.

The court explained the verdict sheet to the jury as follows:

Now, if the jury finds beyond a reasonable doubt that the defendant is guilty of first-degree murder, you have to determine on what basis he was found guilty of first-degree [murder]. Whether it was on the basis of malice, premeditation and deliberation and/or under the first-degree felony murder rule. He can be found guilty on one of these two basis [sic] or both of them. But if he's found guilty of first-degree murder by you, have the foreperson place an X on the line beside "guilty of first-degree murder," and then have the foreperson place an X on the line beside which basis. . . . Whatever your unanimous verdict is have the foreperson place an X on the line beside that verdict.

The verdict sheet provided in pertinent part as follows:

**STATE v. MANLEY**

[345 N.C. 484 (1997)]

We, the jury, return as our unanimous verdict that the defendant, Lorenzo Manley, is:

1. _____ Guilty of first-degree murder on the basis of:

    A. _____ malice, premeditation, and deliberation

    and/or

    B. _____ first-degree felony murder rule;

The jury checked each blank.

The defendant contends that this charge allowed the jury to find him guilty of first-degree murder without unanimously finding that he was guilty based on either malice, premeditation, and deliberation or on felony murder. We do not agree. The court instructed the jurors that they could not reach a verdict until they were unanimous. In instructing the jury on the verdict sheet, the court told it, "Whatever your unanimous verdict is . . . place an X on the line beside that verdict." The jury placed a check beside both murder based on malice, premeditation, and deliberation and on the felony murder rule, which shows the jury was unanimous on both theories. There was no error in the charge.

[2] The court in this case followed what we have said is the better practice and submitted a verdict sheet which required that the jury specify the theory upon which it convicted the defendant. *State v. Clark*, 325 N.C. 677, 684, 386 S.E.2d 191, 195 (1989). We note that we have never held it is reversible error not to submit a verdict sheet in a murder case. *See State v. Belton*, 318 N.C. 141, 347 S.E.2d 755 (1986).

This assignment of error is overruled.

[3] In his second assignment of error, the defendant contends he had ineffective assistance of counsel because his trial counsel did not object to the charge or the verdict sheet submitted. We have held there was no error in the charge or the submission of the verdict sheet. The defendant's counsel was not ineffective for not objecting to them. This assignment of error is overruled.

NO ERROR.